FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 01 2010

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

JEC

IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS GRINER and FERN COHN, on behalf of themselves and all persons similarly situated<br><br>Plaintiffs,<br>v.<br><br>SYNOVUS BANK, d/b/a Bank of North Georgia, Columbus Bank and Trust Company, AFB&T, Sea Island Bank, SB&T Bank, CB&T Bank of Middle Georgia, The Coastal Bank of Georgia, First State Bank and Trust Company of Valdosta, Commercial Bank, Georgia Bank & Trust, Bank of Coweta, First Community Bank of Tifton, Citizens First Bank, Commercial Bank & Trust Company of Troup County, and Cohutta Banking Company.<br><br>Defendant. | Case No. 1 10-CV-2747<br><br>[On removal from the State Court of Gwinnett County, Georgia<br>Case No.: 10-C-11235-3] |

## NOTICE OF REMOVAL

Defendant Synovus Bank, alleged to be "doing business as" Bank of North Georgia, Columbus Bank and Trust Company, AFB&T, Sea Island Bank, SB&T Bank, CB&T Bank of Middle Georgia, The Coastal Bank of Georgia, First State Bank and Trust Company of Valdosta, Commercial Bank, Georgia Bank & Trust, Bank of Coweta, First Community Bank of Tifton,

Citizens First Bank, Commercial Bank & Trust Company of Troup County, and Cohutta Banking Company ("Synovus Bank"), hereby gives notice of its removal of this action from the State Court of Gwinnett County, Georgia to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

## I. TIMELINESS OF REMOVAL

Plaintiffs filed a complaint, entitled *Griner et al. v. Synovus Bank*, Case No. 10C-11235-3, in the State Court of Gwinnett County, Georgia on July 30, 2010. Plaintiffs served the related summons on Synovus Bank on August 3, 2010. This notice of removal is therefore timely. *See* 28 U.S.C. § 1446(b). Plaintiffs subsequently served an amended complaint on August 27, 2010 ("First Amended Complaint"). True and complete copies of the Complaint, summons, the First Amended Complaint and all pleadings served upon Synovus Bank are attached hereto as Exhibit A.

## II. JURISDICTION AND GROUNDS FOR REMOVAL

This is a civil action within the original jurisdiction of this Court under 28 U.S.C. § 1331 and therefore removable under 28 U.S.C. § 1441.

### A. Background.

The First Amended Complaint asserts state law claims for violations of Georgia's civil and criminal usury laws, on the theory that Synovus Bank imposes

LEGAL02/32134058v1

"excessive" interest in the form of bank card overdraft fees. First Am. Compl., ¶¶ 85-104 (Counts I and II); 92, 94 (alleging "Synovus' Overdraft Fees amounted to rates of interest in excess of Georgia's civil and criminal usury limits."); 97 (alleging "Georgia law prohibited Synovus from collecting from Plaintiffs interest at a rate in excess of 16% APR."); 103 (alleging "Georgia law prohibited Synovus from collecting from Plaintiffs interest at a rate in excess of 5% MPR."). Plaintiffs also assert a claim for conversion, on the theory that Synovus Bank's use of funds in Plaintiffs' accounts to pay overdraft fees incurred on the accounts constitutes conversion under Georgia law. *See id.*, ¶¶ 105-112 (Count III); 15 (alleging that Synovus Bank "seizes [Plaintiffs'] money to the extent required to collect the full outstanding and unpaid amount of the Overdraft, Overdraft Fee, and Overdraft Collection Fee."). Plaintiffs also assert a claim for money had and received. *See id.*, ¶¶ 113-123 (Count IV), 114 ("Through its unlawful conduct […] Synovus has received money of which Synovus is not the true owner, and which, in equity and good conscience, Synovus should not be permitted to keep."). Plaintiffs seek the refund of overdraft fees charged to themselves and the putative class members going back to July 30, 2006, four years from the filing of the original Complaint. *Id.* at ¶ 17.

On September 7, 2007, Synovus Financial Corp., the parent of Synovus Bank, merged Peachtree National Bank, a national bank chartered under the National Bank Act, 12 U.S.C. §§ 21 *et seq.*, with the Bank of North Georgia, a federally insured, state-chartered bank. *See* Declaration of Leila S. Carr, ¶¶ 2-3, 5, 13, attached hereto as Exhibit B. The Bank of North Georgia was the surviving bank. *Id.*, ¶ 4  On September 15, 2008, Synovus Financial Corp. merged the National Bank of Walton County, a national bank chartered under the National Bank Act, with AFB&T, a federally insured, state-chartered bank. *Id.*, ¶¶ 6-7, 9. AFB&T was the surviving bank. *Id.*, ¶ 8

On June 1, 2010, Synovus Financial Corp. consolidated several federally insured, state-chartered banks that it owned, including the Bank of North Georgia and AFB&T, into a single bank that was renamed Synovus Bank. *Id.*, ¶¶ 10-11. Synovus Bank is a federally insured, state-chartered bank existing under the laws of the state of Georgia. *Id.*, ¶ 12; First Am. Compl., ¶ 22.

### B.  Federal Jurisdiction Pursuant to Complete Preemption.

Federal question jurisdiction exists where the action asserts a claim "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a claim arises under federal law "when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

The doctrine of "complete preemption" is an exception to the well-pleaded complaint rule that allows for the removal of certain types of cases where the "preemptive force of federal law is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). In such cases, a claim is removable under 28 U.S.C. § 1441(b) because the "federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Plaintiffs' First Complaint is subject to removal pursuant to the complete preemption doctrine for two independent and sufficient grounds: complete preemption under the National Bank Act and complete preemption under the Depository Institution Deregulation and Monetary Control Act of 1980 ("DIDA").

  **C.**  **Plaintiffs' Usury Claims Against the Predecessor Nationally-Chartered Synovus Bank Entities Arise Under Federal Law And Are Completely Preempted by the National Bank Act.**

In *Beneficial National Bank*, the Supreme Court held that state law usury claims against a national bank were completely preempted by Sections 85 and 86

of the National Bank Act, 12 U.S.C. §§ 85, 86. Section 85 of the National Bank Act governs the amount of interest that a national bank may charge, and Section 86 provides the exclusive remedy for violations of that section. *See* 12 U.S.C. §§ 85, 86. Accordingly, a state law usury complaint against a national bank "arises under" federal law and is removable pursuant to 28 U.S.C. § 1441(b). *Beneficial National Bank*, 539 U.S. at 8 ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

Plaintiffs' state law usury claims against Synovus Bank include claims against two of its predecessor banks during the time period when they were national banks subject to the National Bank Act. Under sections 85 and 86 of the National Bank Act and the Supreme Court's decision in *Beneficial*, those claims are completely preempted and this Court has federal question jurisdiction over the claims. Moreover, because the usury claims are removable, this Court has jurisdiction over Plaintiffs' conversion and money had and received claims. *See Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 7 (1st Cir. 2008) ("[A]ny of [plaintiff's] claims, if completely preempted, can support removal of the entire action: the rest can be removed as provisionally within a federal court's supplemental jurisdiction.") (citing 28 U.S.C. §§ 1367(a), 1441(c)); *see also Giles*

*v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (Because completely preempted claim "presents a federal question, it provides grounds for a district court's exercise of jurisdiction upon removal . . . . Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims[.]").

> **D.     Plaintiffs' Usury Claims Against State-Chartered Synovus Bank Entities Arise Under Federal Law And Are Completely Preempted by the DIDA.**

The DIDA, 12 U.S.C. § 1831d, is to state-chartered, federally insured banks what sections 85 and 86 of the National Bank Act are to national banks. The DIDA completely preempts state law usury claims against state-chartered banks. *See Discover Bank v. Vaden*, 489 F.3d 594, 605 (4th Cir. 2007), *reversed on other grounds by* 129 S. Ct. 1262 (2009) (DIDA "completely preempt[s] state-law usury claims.") (citing *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 295-296 (3d Cir. 2005) ( "[Section] 521 of DIDA completely preempts any state law attempting to limit the amount of interest and fees a federally insured-state chartered bank can charge," and interpreting the statute "in the same way" as the National Bank Act) (citing *Greenwood Trust Co. v. Mass.*, 971 F.2d 818, 826-28 (1st Cir. 1992)); *Bumpers v. Cmty. Bank of N. Va.*, No. 03-1380, 2008 WL 203343, *4 (W.D. Pa. 2008) ("*Beneficial* provides a basis to conclude that state law claims for usury

LEGAL02/32134058v1

against federally insured state-chartered banks are preempted by [DIDA]."); *Forness v. Cross Country Bank, Inc.*, No. No. 05-CV-417-DRH , 2006 U.S. Dist. LEXIS 3423, at *9 (S.D. Ill. Jan. 13, 2006) (denying motion to remand to state court because DIDA completely preempts "actions against state-chartered, FDIC-insured banks when such banks charge interest rates higher than the maximum allowable rate of interest."); *Hill v. Chem. Bank*, 799 F. Supp. 948, 952 (D. Minn. 1992) ("§ 521 of [DIDA] completely preempts the field of usury claims against federally-insured state banks").[1]

Plaintiffs assert state law usury claims against Synovus Bank, a state-chartered, federally insured bank. Under DIDA and the authorities cited, those claims are completely preempted and this Court has federal question jurisdiction

---

[1] The Eighth Circuit takes an opposing, minority view. *Thomas v. US Bank Nat'l Ass'n ND*, 575 F.3d 794 (8th Cir. 2009) (holding DIDA does not completely preempt state law usury claims against state-chartered banks). The Court need not address this minority view under the DIDA because the Court already has jurisdiction under the National Bank Act. In any event, the Third and Fourth Circuits' application of *Beneficial*'s analysis of the NBA to the DIDA should control here. *See Beneficial*, 539 U.S. 1, 10-11; *Discover Bank*, 489 F.3d at 605; *In re Cmty. Bank of N. Va.*, 418 F.3d at 295-296; *see also Greenwood Trust Co. v. Mass.*, 971 F.2d 818, 827 & n.7 (1st Cir. 1992) ("Although there are niggling variations [between DIDA and the National Bank Act], the key phraseology is substantially identical."); *Hill*, 799 F. Supp. at 952 ("The key language of [DIDA] is substantially identical to the language of [the NBA], the federal usury provisions governing national banks.").

over the claims. Moreover, because those claims are removable, this Court has jurisdiction over Plaintiffs' conversion and money had and received claims.

### E. Plaintiffs' Conversion and Money Had and Received Claims.

Plaintiffs' claims for conversion and money had and received are intertwined with and dependent on their theory that the alleged interest charged by Synovus Bank was usurious. For their conversion claim, Plaintiffs allege that Synovus "automatically seizes [...] new money to the extent required to collect the full outstanding and unpaid amount of the Overdraft, Overdraft Fee, and Overdraft Collection Fee." *See* First Am. Compl., ¶ 15. For their money had and received claim, Plaintiffs allege that they are the true owners of the money received by Synovus Bank by "charging and collecting usurious interest." *See id.*, ¶ 115.

As such, Plaintiffs' conversion and money had and received claims sound in usury and are completely preempted by the National Bank Act and the DIDA, as set forth above. In addition, because the Court has federal question jurisdiction over the usury claims, the Court may assert supplemental jurisdiction over Plaintiffs' claims for conversion and money had and received under 28 U.S.C. §§ 1367 or 1441(c). *See Negron-Fuentes*, 532 F.3d at 7 (citing 28 U.S.C. §§ 1367, 1441(c)); *Giles*, 172 F.3d at 337. Therefore, this Court has jurisdiction over all of

the claims in Plaintiffs' First Complaint under 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

## III. INTRADISTRICT ASSIGNMENT

Because this case was initially filed in the State Court of Gwinnett County, Georgia, the Atlanta Division of the United States District Court for the Northern District of Georgia is the proper court to which removal should be effected. *See* 28 U.S.C. §§ 1441, 1446.

## IV. NOTICE

A copy of this Notice of Removal is being concurrently filed in the State Court of Gwinnett County, Georgia and served on Plaintiffs.

**WHEREFORE**, Defendant Synovus Bank hereby removes this action to this Court for further proceedings according to law.

Respectfully submitted this 1st day of September, 2010.

Steven M. Collins
Georgia Bar No. 178825
Christopher A. Riley
Georgia Bar No. 605634

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777

steve.collins@alston.com
chris.riley@alston.com

William L. Tucker
Georgia Bar No. 718050

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.
Synovus Centre
1111 Bay Avenue, 3rd Floor
Columbus, Georgia 31901
Phone: (706) 243-5604
Fax:   (706) 596-9992
wlt@psstf.com

OF COUNSEL

Stephen M. Colangelo
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, D.C.  20006-1888
Telephone: (202) 887-1500
Fax: (202) 887-0763
scolangelo@mofo.com

Attorneys for Synovus Bank

## CERTIFICATE OF COMPLIANCE WITH <u>LOCAL RULE 5.1</u>

I hereby certify that this **Notice of Removal** was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

_____
Steven M. Collins

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served true and correct copies of the **Notice of Removal** by sending the same via U.S. First Class Mail addressed as follows:

> Michael B. Terry
> Bondurant, Mixson & Elmore, LLP
> 3900 One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, Georgia 30309
>
> Gerald Davidson, Jr.
> Mahaffey Pickens Tucker, LLP
> 1550 North Brown Road
> Suite 125
> Lawrenceville, Georgia 30043
>
> C. Ronald Ellington, Attorney, PC
> 135 Beaver Trail
> Athens, Georgia 30605
>
> J. Benjamin Finley
> The Finley Firm, P.C.
> 2931 N. Druid Hills Road
> Suite A
> Atlanta, Georgia 30329

This 1st day of September, 2010.

/s/ Steven M. Collins
Steven M. Collins